**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SATYANARAYANA MEKARTHI,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; TODD LYONS, Acting Director of the Immigration and Customs Enforcement, each in their official capacity and not individually; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>Defendants. | No. 25-cv-04392<br><br>Judge John F. Kness |

**ORDER**

For the reasons provided in the accompanying Statement, Plaintiff's motion for preliminary injunction (Dkt. 20) is denied. If Defendants terminate Plaintiff's SEVIS record, Defendants shall immediately notify the Court. The status hearing set for June 5, 2025 is stricken and will be reset by separate order.

**STATEMENT**

## I. Background and Procedural History

Plaintiff Satyanarayana Mekarthi, a citizen of India, is a graduate student pursuing a Master of Science in Information Systems degree from DePaul University in Chicago, Illinois. (Dkt 1 ¶¶ 2, 20.) Plaintiff is present in the United States on F-1 student status, recently completed his coursework, and is set to graduate this month (June 2025) from DePaul, after which he will continue to pursue Optional Practical Training ("OPT"), for which he received employment authorization earlier this year. (*Id.* ¶ 2.) On April 8, 2025, Plaintiff received an email from the United States Department of State (specifically the U.S. Consulate General, Mumbai) advising him that his F-1 visa was revoked. (Dkt. 20-2.) Plaintiff says that on April 10, 2025, the United States Department of Homeland Security ("DHS") terminated his "status" in

the Student and Exchange Visitor Information System ("SEVIS"), which is a web-based system used to maintain information regarding F-1 students, among other student visa programs. (*Id.* ¶¶ 7, 44.) Plaintiff says that the effect of marking his status as "Terminated" on SEVIS was to terminate his ability to participate in the OPT program that he has been working at since December 2024. (*Id.* ¶¶ 7–9.)

Plaintiff believes that he was terminated from SEVIS because of an arrest for driving without a license in Indiana, for which he paid a civil fine. (*Id.* ¶ 4–5, 9.) Plaintiff's case is one of many to have resulted from the termination of thousands of international students in the SEVIS system. *See, e.g.*, *Doe #1 v. Trump*, No. 25 C 4188, 2025 WL 1341711, at *1 (N.D. Ill. May 8, 2025); *Doe v. Trump*, No. 25-CV-03140-JSW, 2025 WL 1467543, at *3–4 (N.D. Cal. May 22, 2025) (describing the "Student Criminal Alien Initiative"); (Dkt 21-3 ¶ 4 ("Beginning in March of 2025, ICE reviewed and terminated numerous SEVIS records due to information provided by U.S. Department of State and criminal databases.") Plaintiff believes that the termination of his SEVIS record also terminated his F-1 status.

The Court, by the previously assigned Judge, issued a temporary restraining order (Dkt. 15) enjoining Defendants from terminating Plaintiff's F-1 student status under the SEVIS system and ordering Defendants to set aside their termination determination and to reinstate Plaintiff in the SEVIS system. After the case was reassigned, this Court extended the TRO for an additional fourteen days. (Dkt. 19.) Plaintiff then filed the present motion for a preliminary injunction (Dkt. 20), seeking an order (1) reversing the termination of Plaintiff's SEVIS status from terminated to active, retroactively, and providing evidence of compliance; (2) enjoining Defendants from terminating Plaintiff's SEVIS record without prior notice and an opportunity to be heard; (3) prohibiting Defendants from arresting, detaining, or removing Plaintiff based on the SEVIS termination; (4) entering an interim award of costs and fees; and (5) permitting Plaintiff to submit a fee petition. (*Id.* at 14–15.)

It appears, however, that the facts have changed since the Court's initial finding that Plaintiff was entitled to a TRO. Specifically, as it has done in other SEVIS cases,[1] the Government now represents that it has retroactively reinstated Plaintiff's SEVIS record and has added a notation to address any gaps or lapses in the record:

> For each plaintiff(s) in this case, SEVP has set their SEVIS record back to "active." When the record was set to "active," all previous information

[1] *See, e.g.*, *Badam v. Lyons*, No. 1:25-CV-1098 (CJN), 2025 WL 1302026, at *1 (D.D.C. May 5, 2025) (the Government filed a notice in each of these SEVIS cases that SEVIS records have been reactivated); *Doe v. Noem*, No. 2:25-CV-00633-DGE, 2025 WL 1397007, at *1 (W.D. Wash. May 14, 2025) (SEVIS record retroactively reinstated); *Doe*, 2025 WL 1467543, at *5 ("ICE is restoring SEVIS records retroactively to the date the records were terminated.")

> that was part of the SEVIS record is restored, and there are no "gaps" or "lapses" in the SEVIS record. However, due to technical limitations of the SEVIS system, the event history for a given record cannot be deleted from the system.
>
> When specifically annotated on a court's order, SEVP adds a notation into the SEVIS record, indicating that the record has been restored retroactively to the original date of the termination. Because of the technical limitations of the SEVIS system, these notations are not viewable by end-users outside of SEVP, such as Designated School Officials. Nonetheless, these notations are still part of the official SEVIS record.

(Dkt. 21-2 ¶¶ 3–4.) Defendants also say that ICE has no plans to re-terminate Plaintiff's SEVIS record based solely on the NCIC record that led to its initial termination:

> ICE has re-activated SEVIS records for plaintiff(s) who met the parameters above. ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination. ICE's reactivation of the plaintiff(s) SEVIS record is being made retroactive to the date of its initial termination such that there is no gap in the plaintiff(s)' SEVIS record. For plaintiff(s) who were or are currently engaged in Optional Practical Training (OPT) where SEVP also edited the SEVIS record to change the OPT employment authorization end date, the record has been reset to the end date set forth in the alien's SEVIS record before its termination.

(Dkt. 21-3 ¶¶ 5–8.) Despite these representations regarding the SEVIS reactivation, Plaintiff maintains that a preliminary injunction is warranted because ICE may re-terminate Plaintiff's SEVIS record for another reason; the declarations are not specific as to Plaintiff Mekarthi; reactivation is not sufficient to address Plaintiff's concerns because there is still a gap in the record; and the gap, which might be construed as a failure to maintain status, could be a basis for his removal. (*See* Dkt. 23 at 7–10; Dkt 20 at 9–10.)

## II. Legal Standard

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). Because it is an equitable, interlocutory form of relief, a preliminary injunction is "never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (cleaned up). To obtain a preliminary injunction, a plaintiff must show that: (1) he will suffer irreparable harm without relief; (2) inadequate remedies at law exist; and (3) he has a likelihood of

success on the merits. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). If plaintiff makes this showing, the court must engage in a sliding scale balancing analysis to determine whether the balance of harm favors the plaintiff or whether the harm to other parties or the public sufficiently outweighs plaintiff's interests. *See id.*; *MFB Fertility Inc. v. Easy Healthcare Corp.*, No. 20-CV-07833, 2023 WL 2683469, at *4 (N.D. Ill. Mar. 29, 2023).

## III. Discussion

The parties spend much of the briefing contesting the likelihood of success on the merits; in particular, whether termination of a SEVIS record constitutes either a de jure or de facto termination of Plaintiff's F-1 nonimmigrant status.[2] Defendants assert that DHS sub-agencies, such as U.S. Citizenship and Immigration Services ("USCIS"), do not equate SEVIS record termination with termination of F-1 nonimmigrant status or with the adjudication an immigration benefit. (Dkt. 21 at 4–5.) Plaintiff disagrees and asserts that a SEVIS record is the determinative record of F-1 status, so if a SEVIS record is terminated, F-1 status is effectively (or actually) revoked. (Dkt. 20 at 5–6.) The Court, however, need not resolve this dispute now.[3] Even if Plaintiff can show a likelihood of success on the merits and that an inadequate remedy at law exists, Plaintiff cannot, on this record, show irreparable harm, which precludes the entry of a preliminary injunction.[4]

To succeed on a motion for a preliminary injunction, the moving party must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) (emphasis added). The Seventh Circuit

---

[2] A F-1 nonimmigrant visa issued by the Department of State (which permits entrance to the United States) is distinct from an F-1 student's nonimmigrant *status,* which is granted by DHS, and the duration of status is defined as "the time during which an F-1 student is pursuing a full course of study at an educational institution certified [ ] for attendance by foreign students, or engaging in authorized practical training following completion of studies." *Doe #1*, 2025 WL 1341711, at *1 (quoting 8 C.F.R. § 214.2(f)(5)(i)). ICE maintains SEVP, which maintains records on F-1 students through SEVIS. *See id.* at *2. For a fulsome background on SEVIS, F-1 status, and the statutory basis for termination of a student's F-1 status, *see id.* at *1–2; *see also Doe*, 2025 WL 1467543, at *2–3.

[3] Although the Court does not resolve this issue, Defendants may be overstating the supposed disconnect between SEVIS and F-1 status. *See, e.g.*, (Dkt. 20-4 (quoting USCIS letter stating that, "[a]ccording to the beneficiary's SEVIS record [] their F-1 nonimmigrant status was terminated . . . ."); *Doe*, 2025 WL 1467543, at *6 ("the State Department describes a SEVIS record as 'the definitive record of student or exchange visitor status and visa eligibility.' ") (quoting 9 FAM 402.5-4(B)); *Doe #1*, 2025 WL 1341711, at *6 ("SEVIS operates as a critical tool for the F-1 status program, enabling students to obtain work authorization, enroll in classes, and otherwise maintain their status.").

[4] As such, the Court need not engage in the sliding scale balance of the harms analysis.

has emphasized that this requires "more than a mere possibility of harm," and even a showing that a "substantial risk 'could' arise" is not sufficient. *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (cleaned up). Put another way, the "mere possibility of irreparable injury is not enough." *Id.* at 501; *see also Forester-Hoare v. Kind*, No. 24-2322, 2025 WL 957900, at *2 (7th Cir. Mar. 31, 2025) (no irreparable injury if "no concrete threats of harm").

When the Court granted and then extended the TRO, the likelihood of irreparable injury was evident because Plaintiff's SEVIS record was terminated, raising the imminent prospect of the harms described in Plaintiff's complaint. (*See, e.g.*, Dkt. 1 ¶¶ 10–12 (if terminated in SEVIS Plaintiff could not work under OPT).) The Government's retroactive reinstatement of Plaintiff's SEVIS record changes those facts and, at least for now, provides Plaintiff the primary relief sought. (*See id.* at 17–18.) Courts have split in these cases on whether reinstatement in SEVIS precludes a finding of irreparable harm. *See, e.g.*, *Badam v. Lyons*, No. 1:25-CV-1098 (CJN), 2025 WL 1302026, at *2 (D.D.C. May 5, 2025) (no irreparable harm after retroactive reinstatement); *Doe v. Noem*, No. 2:25-CV-00633-DGE, 2025 WL 1397007, at *5 (W.D. Wash. May 14, 2025) (same); *but see Doe v. Trump*, No. 25-CV-03140-JSW, 2025 WL 1467543, at *7 (N.D. Cal. May 22, 2025) (finding irreparable harm and citing cases); *Doe #1 v. Noem*, No. 25-CV-2998 (KSH) (AME), 2025 WL 1348503, at *12 (D.N.J. May 8, 2025) (similar). In the present briefing, Plaintiff presents two broad arguments for the continued need for a preliminary injunction; that the Government's reinstatement of SEVIS status is not sufficient, or that the Government might take further action against Plaintiff. Neither shows irreparable harm.

As to the sufficiency of the SEVIS reinstatement, Plaintiff suggests that no specific, individualized evidence of Plaintiff's retroactive reinstatement has been presented, so Plaintiff cannot confirm that his SEVIS record has been accurately or completely fixed. (Dkt. 20 at 7; Dkt. 23 at 9.) It is true that Defendants' declarations appear to be filed in multiple SEVIS cases and are generically-drafted, but they each aver under penalty of perjury that Plaintiff's SEVIS status has been retroactively reinstated and that there is no gap in Plaintiff's SEVIS record. (Dkt. 21-2, Dkt. 21-3.) Further, Defendants informed the Court during the in-person motion hearing on May 27, 2025 that the Government was in the process of preparing an individualized letter for Plaintiff regarding his SEVIS reinstatement. Absent evidence to the contrary, the Court has no reason to disregard the veracity of either these declarations or the statements made at oral argument. At least on the present record, the Court is satisfied that Plaintiff's SEVIS record has been reinstated, which addresses the primary concerns raised in Plaintiff's complaint: that he graduate from DePaul and participate in OPT. (Dkt. 1 ¶ 2.)

Plaintiff's broader concern appears to be that the "gap" in the SEVIS record will carry consequences, particularly because the record will always show that it was

at one point terminated (even if there is a notation explaining the situation), and that if there is a gap in the record, such a gap might later be construed as a failure to maintain nonimmigrant status, which the Government could argue is a basis for Plaintiff's removal. (*See* Dkt. 23 at 7–10.) As Plaintiff puts it, "[t]he existing gaps in Plaintiff's records *may* be construed under Defendants' new policy as a failure to maintain status. They also *create risks* with long-term immigration consequences, including ineligibility for benefits such as OPT, H-1B, or adjustment of status, all of which require continuous lawful presence, which currently cannot be proven." (*Id.* at 9) (emphasis added).) Plaintiff also suggests that the Government might terminate his SEVIS record for another reason. (Dkt. 20 at 8.)

But to obtain the extraordinary relief of a preliminary injunction, Plaintiff must show that irreparable harm is likely: a mere possibility, or even a substantial risk of harm, is not sufficient. *See Orr*, 953 F.3d at 502. Plaintiff's own description—that the Government "may" do things or that the Government's latest policy "create[s] risks"—reveals the speculative nature of these potentialities. If it is "purely hypothetical" whether the Government will take any of these actions, that "is too speculative to warrant preliminary injunctive relief today." *Badam*, 2025 WL 1302026, at *2.[5] As another court recently put it, "[e]ach of the harms Plaintiff invokes is premised on a contingent event: that his SEVIS record will be terminated again. That is insufficient to make a showing of irreparable harm." *Doe*, 2025 WL 1397007, at *4. Having restored Plaintiff's SEVIS status, the mere possibility of future harm is too speculative to warrant a preliminary injunction. That said, a denial of a preliminary injunction does not end the case, and the Court will order that Defendants immediately notify the Court if Plaintiff's SEVIS record is again terminated.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion for a preliminary injunction (Dkt. 20) is denied.

SO ORDERED in No. 25-cv-04392.

Date: June 4, 2025

JOHN F. KNESS
United States District Judge

[5] In fact, it is not clear that Plaintiff's visa revocation "even falls into the category of actions that could lead to SEVIS termination." *Id.*